[840 NYS2d 406]

In the Matter of EUGENE A. ROMANO (Admitted as EUGENE ANTHONY ROMANO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 31, 2007

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Michael A. Gentile*, New York City, for respondent.

OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition containing two charges of professional misconduct. After a prehearing conference at which the respondent appeared pro se, an adjourned prehearing conference on a subsequent date, followed by a hearing at which the respondent was represented by counsel, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has cross-moved to disaffirm the Special Referee's report to the extent that he found that the respondent's explanations for the subject banking transactions were not credible and to limit any sanction imposed to a public censure.

Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

On or about May 11, 2004, the respondent deposited a $100,000 down payment on behalf of his client, 20th Street Holding Corporation (hereinafter the Corporation), into his attorney trust account at North Fork Bank. Upon the purchaser's default, the respondent, on or about July 14, 2004, remitted that down payment, plus an additional $1,813.39 from his attorney trust account, to the attorney for the seller of another property which the Corporation was purchasing.

On July 14, 2004, after the disbursement of the Corporation funds, the respondent should have maintained at least $100,000 in his attorney trust account on behalf of his other clients. On or about September 14, 2004, the respondent issued two $50,000 checks, drawn on his attorney trust account and payable to himself and his father, Ernest A. Romano. Both checks cleared against funds held in the respondent's attorney trust account for other clients, depleting the account to the sum of $9,820.26. As a result, on or about October 21, 2004, two checks totaling

$10,169 issued against the respondent's attorney trust account were dishonored by North Fork Bank.

Charge two alleges that the respondent failed to maintain required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (j) (22 NYCRR 1200.46 [j]).

In connection with the Grievance Committee's investigation into dishonored checks drawn against his escrow account, the respondent was required to produce for the Grievance Committee's inspection records of that account, including his contemporaneously maintained record indicating the source, description, and distribution of all funds deposited to that account, as required by Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]). The respondent failed to maintain such a record.

Based upon the respondent's admissions and the evidence adduced, the Special Referee properly sustained charges one and two and the Grievance Committee's motion to confirm should be granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee points out that respondent was issued an admonition on October 24, 2003, for neglecting a complainant's case. The respondent cross-moved to disaffirm the Special Referee's report to the extent that he found the respondent's explanation for the subject banking transactions incredible. While he recognizes the seriousness of his mistake and the peculiarity of his explanation, respondent submits that "truth is sometimes stranger than fiction." He asks the Court to evaluate these events against the backdrop of his personal turmoil and pressures at the time, his essentially unblemished record, the absence of detriment to any client, and the fact that fraud and venality were never charged, and to limit any sanction imposed to a public censure.

The Special Referee properly found the respondent's explanation attributing the dishonored checks to an undocumented loan to be incredible. Accordingly, the respondent's cross motion to disaffirm the Special Referee's report is denied. In his testimony at the Grievance Committee's offices on October 19, 2005, the respondent admitted that on July 14, 2004, he personally went with Mr. O'Kelly to North Fork Bank to obtain a teller's check for an amount in excess of $100,000, representing the entire amount on deposit for him. Notwithstanding any evidence that Mr. O'Kelly was indebted to the respondent or his father, some two months later the respondent withdrew two

checks for $50,000 each, payable to his father and himself, in furtherance of an imaginary debt. Under the totality of the circumstances, he is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RIVERA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Eugene A. Romano, admitted as Eugene Anthony Romano, is suspended from the practice of law for a period of two years, commencing August 31, 2007, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Eugene A. Romano, admitted as Eugene Anthony Romano, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Eugene A. Romano, admitted as Eugene Anthony Romano, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).